**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
| --- | --- |
| JOSHUA NATHAN HERNANDEZ, Petitioner - Appellant, v. ANTHONY HEDGPETH, Warden, Respondent - Appellee. | No. 11-16443 D.C. No. 3:10-cv-00201-CRB MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted April 16, 2012
San Francisco, California

Before: SCHROEDER, O'SCANNLAIN, and GRABER, Circuit Judges.

Petitioner, Joshua Nathan Hernandez, appeals the district court's denial of

his petition for habeas corpus, brought pursuant to 28 U.S.C. § 2254, alleging

ineffective assistance of counsel. On de novo review, Stanley v. Schriro, 598 F.3d

612, 617 (9th Cir. 2010), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Because Petitioner filed his petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 governs review of his claims. Under AEDPA, 28 U.S.C. § 2254(d), our review is highly deferential. Harrington v. Richter, 131 S. Ct. 770, 785 (2011). The California Supreme Court denied Petitioner's ineffective assistance claim summarily, so we must decide what theories could have supported the state court's decision and then ask whether fair-minded jurists could conclude that those theories followed applicable Supreme Court precedents. Id. at 786.

Petitioner's trial counsel obtained the assistance of three mental health experts, including one psychiatrist, whose qualifications are not in question. Counsel gave the experts some background materials, including a discharge summary from the Atascadero State Hospital and writings by Petitioner. Counsel succeeded in having Petitioner declared incompetent to stand trial and in having him committed for treatment for a significant period of time. Counsel also presented the mental health experts at the eventual trial, two of whom opined that Petitioner was not guilty of the crimes by reason of insanity. Nonetheless, Petitioner contends that counsel rendered ineffective assistance by failing to obtain and to give to the experts easily obtainable mental health records, thus enabling the prosecutor to argue that Petitioner was malingering.

2

On this record, the state court permissibly could conclude that trial counsel's performance was not deficient, which is the first prong of the required analysis under Strickland v. Washington, 466 U.S. 668 (1984). Petitioner points to cases such as Rompilla v. Beard, 545 U.S. 374, 389–92 (2005); Wiggins v. Smith, 539 U.S. 510, 524–25 (2003); and Williams v. Taylor, 529 U.S. 362, 395–97 (2000), finding deficient performance where trial counsel failed adequately to investigate their clients' mental health. But these cases are distinguishable on several grounds. First, all of them deal with capital sentencing. We are aware of no Supreme Court decision that has extended the same strict standard of investigation to the guilt phase of noncapital cases. Second, trial counsel in the present instance put forward a well-developed insanity defense whereas, in some of the cases to which Petitioner points us, the issue of mental illness was ignored or treated cavalierly. Third, we are aware of no Supreme Court opinion that places on trial counsel an affirmative duty to supply all potentially relevant material even when not requested by the retained experts.

Additionally, the state court permissibly could conclude that counsel's failure to obtain the records did not prejudice Petitioner, which is the second prong of the Strickland analysis. This material is not entirely favorable to Petitioner's insanity defense. For example, the records reveal that, at age 14, Petitioner

3

admitted to faking hallucinations in order to escape his group home.  A discharge report from a San Antonio facility noted that Petitioner suffered from "[n]o psychosis."  The Alaska period of institutionalization resulted from a run-in with the law.  Finally, the complete records from Atascadero include reports that Petitioner delayed taking steps to restore competency and that he said, "I want to plead to whatever gives me the least time."

In summary, although trial counsel could have done more, we cannot conclude that the state court's decision failed to meet the standards of AEDPA.

AFFIRMED.